IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.   05-cv-00322-LTB-PAC

CONSUMER CRUSADE, INC.,
a Colorado corporation,

      Plaintiff,

v.

SUNBELT COMMUNICATIONS AND MARKETING, LLC,
a Nevada limited liability corporation, and
STEPHEN L. THOMPSON and LARA L. HORNE-ALBRECHT, its officers and directors,

      Defendants.

_____

ORDER
_____

Consumer Crusade, Inc. filed this lawsuit pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, on its own behalf and on behalf of as-yet unidentified class-action plaintiffs.  Consumer Crusade alleged that the defendants wilfully and knowingly sent, in violation of the TCPA, millions of unsolicited facsimile transmissions to more than ten thousand persons residing throughout the United States.  An unidentified number of those fax recipients have since assigned to Consumer Crusade their resultant claims under the TCPA.  Defendant, Lara Horne-Albrecht, has moved for dismissal for lack of personal jurisdiction, lack of standing, and lack of subject matter jurisdiction.  Ms. Horne has also moved to strike an affidavit that Consumer Crusade filed in opposition to her motion to dismiss. Consumer Crusade has moved for entry of default judgment against the defendant, Sunbelt Communications and Marketing, LLC ("Sunbelt").  The motions are adequately briefed and oral

arguments would not materially aid their resolution.  For the reasons stated below, I GRANT Ms. Horne's motion to dismiss and DENY as moot the other motions.

As I recently held in *US Fax Law Center, Inc. v. iHire, Inc.*, 373 F. Supp. 2d 1208 (D. Colo. 2005), claims under the TCPA are not assignable and a purported assignee of such claims thus cannot be a real party in interest with standing to sue.  Also, Judge Figa recently found no jurisdictional basis to entertain such claims in federal court.  *Consumer Crusade, Inc. v. Fairon and Associates, Inc.*, – F. Supp. 2d –, 2005 WL 1793447 (D. Colo.  2005).  For the reasons stated in those opinions, this case must be dismissed.

Accordingly, it is ORDERED that

1) Ms. Horne's motion to dismiss is GRANTED;

2) all other motions are DENIED as moot; and

3) judgment shall enter in favor of all defendants on all counts with costs.

Dated: August   22  , 2005, in Denver, Colorado.

                                      BY THE COURT:

                                         s/Lewis T. Babcock
                                      Lewis T. Babcock, Chief Judge